### AMBROSE LANFEAR *v.* JAMES HARPER et als.

Where equity seems to require it, the case will be remanded for a new trial.

APPEAL from the District Court of the Parish of St. Charles, *Burthe*, J. *Handlin & St. Paul*, for plaintiff. *T. J. & A. J. Semmes*, for defendants and appellants.

MERRICK, C. J. A suit between the plaintiff and defendant James Harper, involving the title to the land now in controversy, was before this Court in December, 1858. See 13 An. 548. In that case a judgment of non-suit was rendered.

Suit having been commenced *de novo* against Harper and one Neufeldt, on the trial it was agreed by counsel that the case should be submitted to the court on the evidence on file in the former case, with such additional evidence as they might then file. In the former case, it will be seen by reference to the Reports, the judgment was reversed, on the ground that neither the *proces-verbal* nor the order of sale of the property of the succession of Francis M. Ward, deceased, was offered in evidence. On the

trial of the present case, the defect in this particular-was supplied. The plaintiff had judgment.

It is now objected by defendants and appellants, that the alleged transfer of the property from the succession of Daspit St. Armand, deceased, to Francis M. Ward, stands in the same predicament as stood the alleged transfer from Ward's estate to William Polk on the former trial. A notarial act of sale between a person styling himself executor of St. Armand and Francis M. Ward is in evidence, but neither the *proces-verbal* nor the order for the sale of the property by the Probate Court has been produced, as we are able to discover.

This objection existed in the former case, but probably it was not considered, on account of the manner in which the defect in William Polk's title was presented by appellant; and the objection taken was considered sufficient for the decision of that case.

According to the decisions in the 13th An. 523 and 548, plaintiff's title is defective on the ground urged by defendants, but as some inadvertence may have been induced by reason that the objection was not noticed in the opinion of this Court in the other case, we think the cause should be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower court be reversed, and that this case be remanded for a new trial; and that the appellee pay the costs of appeal.

VOORHIES, J., absent.